IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

LUIS GONZALEZ-CALDERON, )
)
    Plaintiff, )
)
v. )
)
TRUMAN JONES, in his official capacity as ) Case No. _____
Sheriff of Rutherford County and his individual )
capacity; BOB ASBURY, in his official capacity )
as Chief Deputy and Administrator of Detention )
in the Rutherford County Sheriff's Office and )
his individual capacity; RUTHERFORD )
COUNTY SHERIFF'S OFFICE — )
RUTHERFORD COUNTY, TENNESSEE; )
MCKAYLA BLACK, JOHN DOE 1, )
JOHN DOE 2, and JOHN DOE 3, in their )
official capacities as employees of the )
Rutherford County Sheriff's Office and )
individually, )
)
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, by and through his undersigned attorney, and for his cause of action would state as follows:

### Jurisdiction and Venue

1. The jurisdiction of the Court is founded on 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and 42 U.S.C. § 2000d-1. Jurisdiction is also based on this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. This court has personal jurisdiction pursuant to 28 U.S.C. § 1391(e) over the named defendants, all of whom are located in the Middle District of Tennessee, i.e.,

Truman Jones, Bob Asbury, and the Rutherford County Sheriff's Office — Rutherford County, Tennessee.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e), because Defendant Rutherford County Sheriff's Office — Rutherford County, Tennessee is located in this district, and on information and belief, it is alleged that each of the individual Defendants named in the preceding paragraph reside in this district and in the Nashville Division.

4. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

5. This action arises under the Constitutions of the United States and Tennessee, under federal and state law, and under 42 USC §§ 1981, 1983, and 1988.

6. Plaintiff seeks declaratory and/or injunctive relief, compensatory and punitive damages, attorneys fees, expenses and costs, and such other relief that may be available to him.

**Parties**

7. Plaintiff resides in Nashville, Davidson County, Tennessee.

8. Defendant Truman Jones is currently the Sheriff of Rutherford County, Tennessee. He has ultimate supervisory authority over the Rutherford County Jail. He is sued in his official and individual capacity for both injunctive relief and money damages.

9. Defendant Bob Asbury is a Chief Deputy in the Rutherford County Sheriff's Office and is the Administrator of Detention. In this capacity, he is the direct supervisor over the detention activities of the Rutherford County Jail. He is sued in his official and individual capacity for both injunctive relief and money damages.

10. Rutherford County Sheriff's Office — Rutherford County, Tennessee (hereafter, RCSO) is the chief law enforcement agency of Rutherford County, Tennessee. It operates the jail and detention center for inmates in Rutherford County, Tennessee.

11. Defendant Mckayla Black was the Intake Officer who processed Plaintiff for booking at the Rutherford County Jail. She is an employee of RCSO and is sued in her official and individual capacity for both injunctive relief and money damages.

12. John Doe 1, John Doe 2, John Doe 3, and John Doe 4 are RCSO officers assigned to the Detention Division inside the Rutherford County Jail. They are all sued in their official and individual capacities for both injunctive relief and money damages.

## Statement of Facts

13. On June 22, 2009, Plaintiff reported to the booking desk in the Metropolitan General Sessions Court of Nashville, Davidson County, Tennessee to prepare for his appearance in that Court pursuant to a citation issued to him by a Metro Nashville Police Department officer.

14. As Plaintiff was proceeding with the booking process, a deputy from the Rutherford County Sheriff's Office (hereafter, RCSO) approached Plaintiff and indicated that he had a mittimas for the arrest of a person named Luis Gonzalez. See Exhibit D to the Complaint. When Plaintiff confirmed that his name was Luis Gonzalez, the RCSO deputy immediately took him into custody and did not permit Plaintiff either to complete the booking process or to appear in the hearing scheduled that day for the Nashville General Sessions Court.

15. The RCSO deputy then transported Plaintiff to the Rutherford County Jail at which point Defendant Mckayla Black processed Plaintiff for booking. During the

3

booking process, Defendant Black advised Plaintiff that he was wanted for violation of probation for DUI. Plaintiff denied that he had ever been convicted of DUI. Defendant Black measured Plaintiff's height, and Defendant Black remarked that RCSO was looking for "a shorter guy". Defendant Black took Plaintiff's "booking picture" and asked him if he had ever been at the Rutherford County Jail and Plaintiff replied no. When the booking picture of Plaintiff was generated, another picture appeared in the computer screen along side Plaintiff's picture, and the two pictures were obviously of two different persons. The booking record with picture of Plaintiff is attached as Exhibit A, and the booking record of the person for whom the Rutherford County mittimas had been issued and whose identity was confused with Plaintiff's is attached as Exhibit B. Defendant Black then looked at the two (2) pictures and said, "This is not you" — referring to the individual in Exhibit B. Defendant Black asked Plaintiff for ID, and Plaintiff gave her two forms of identification, both of which showed that Plaintiff was not the person RCSO was looking for (who was identified in Exhibit B). Defendant Black then directed Plaintiff to wait in another room while she made a phone call.

16. Plaintiff saw Defendant Black through a glass petition pick up her telephone and engage in a 5-minute phone conversation with a third party who is identified in this Complaint as Defendant John Doe 1.

17. At the conclusion of the phone conversation with Defendant John Doe 1, Defendant Black resumed the processing of Plaintiff, including the final preparation of the Exhibit A. Defendant Black intentionally entered false information about Plaintiff on Exhibit A, including intentionally mis-entering his middle name as "Aleorto", in an effort

4

to make Plaintiff's identity information match that which appears on Exhibit B. Plaintiff's actual middle name is "Alberto".

18. Defendant Black also took Plaintiff's fingerprints, which showed that Plaintiff was not the person appearing on Exhibit B.

19. Despite all the foregoing indicators that Plaintiff was not the person RCSO was looking for (the person identified in Exhibit B), Defendants intentionally decided to detain Plaintiff in the Rutherford County Jail.

20. Despite numerous entreaties from Plaintiff to various RCSO officials, Defendants continued to illegally incarcerate Plaintiff without legal authority in the Rutherford County Jail. This illegal incarceration continued until July 26, 2010, a period in excess of 30 days.

21. At no time between June 22, 2010 and July 26, 2010 was Plaintiff charged with any crime committed within the jurisdiction of the RCSO.

22. When Plaintiff was transported to his first appearance to a Rutherford County Court, he was not given an opportunity to apprise any person that he was being wrongly detained by the RCSO.

23. Plaintiff was not able to afford to post the $15,000 bond which was evidently set for him in connection with this incarceration and which appears on Exhibit A.

24. When Plaintiff was transported to his second appearance to a Rutherford County Court, he was able to advise the Court that he was being illegally detained by the RCSO. At that time, the Judge sent RCSO to bring the two booking sheets at issue, Exhibits A and B, to the Court. When the Judge examined the two documents, he

5

determined that "this is the wrong Luis Gonzalez in custody — original Defendant is different person", and ordered Plaintiff's release. See Exhibit C.

25. From June 22, 2009 until July 26, 2010, a period exceeding thirty (30) days, Defendants illegally incarcerated Plaintiff and intentionally and/or negligently subjected him to emotional distress.

26. As a proximate result of RCSO's action in this matter, rendering it impossible for Plaintiff to appear in the Metropolitan Nashville General Sessions Court on June 22, 2010, a capias warrant was issued for the arrest of Plaintiff.

27. The acts alleged above were committed either on the instruction of Defendants Jones and Asbury, or with the knowledge and consent of these Defendants, or were thereafter approved and ratified by these Defendants.

## Necessity for Injunctive Relief

28. Plaintiff still has the name Luis A. Gonzalez. Although he carries with him Exhibits A, B, and C, the risk still exists that Plaintiff may be detained by RCSO authorities or other law enforcement authorities and again incarcerated illegally in the Rutherford County Jail. The Rutherford County Circuit Court did not issue any injunction preventing this from happening in the future.

29. Plaintiff is threatened with substantial, immediate and irreparable injury at the hands of defendants. Plaintiff avers that he may again be subjected to incarceration in the Rutherford County Jail and could again be detained illegally.

30. Plaintiff has suffered irreparable injury and, in the absence of injunctive relief, will continue to suffer irreparable injury. He has no adequate remedy at law.

## COUNT I —

### VIOLATIONS OF THE 4TH AMENDMENT RIGHT TO FREEDOM FROM ILLEGAL SEIZURE AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION

31. The allegations of paragraphs 1-30 are hereby incorporated by reference and are realleged as if set forth fully.

32. Each of the Defendants, individually and in concert with the others, acted under pretense and color of law and in their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law. Each defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his right to freedom from illegal seizure and detention of his person, papers, and effects, his right to freedom from unlawful detention and imprisonment, all of which rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States, and by 42 USC §§ 1983 and 1988.

33. As a direct and proximate result of these violations of his constitutional rights by Defendants, Plaintiff suffered personal injuries, emotional distress, pain and suffering, and loss of income.

### COUNT II

### VIOLATIONS OF THE FIFTH AMENDMENT RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND 14TH AMENDMENT UNDER THE U.S. CONSTITUTION

34. The allegations of paragraphs 1-33 are hereby incorporated by reference and are realleged as if set forth fully.

35. <u>Procedural Due Process</u> — Each Defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his right not to be deprived of liberty without complying with the procedural requirements of due process of law by illegally detaining Plaintiff without proper authorization by a court or a federal detainer to cover the period of incarceration.

36. <u>Substantive Due Process</u> — Each Defendant, individually and in concert with the others, acted willfully, knowingly, and/or recklessly and with specific intent to deprive Plaintiff of his fundamental right not to be deprived of liberty. This conduct was performed in such a manner as to be manifestly and grossly unjust to the extent that it shocks the conscience, falls outside the standards of civilized decency, and offends those canons of decency and fairness which express the notions of justice of English-speaking peoples; as such, this conduct was a violation of Plaintiff's right to substantive due process.

37. Each Defendant acted under pretense and color of law and in their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law.

38. These due process rights are secured to Plaintiff by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, and by 42 USC §§ 1983 and 1988.

## COUNT III —

### FALSE IMPRISONMENT ACTIONABLE UNDER TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AT TCA 29-20-101

39. The allegations of paragraphs 1-38 are hereby incorporated by reference and are realleged as if set forth fully.

40. Plaintiff avers that Defendants breached a duty of care owed to Plaintiff, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without mittimus from a court.

41. Plaintiff avers that Defendants, without probable cause, wrongfully and unlawfully detained and restrained Plaintiff against his will through use of force for a period of approximately four (4) months.

42. Plaintiff avers that Defendants are liable to him for false imprisonment.

43. As a direct and proximate result of the false imprisonment by Defendants, Plaintiff suffered personal injuries, emotional distress, and loss of income.

## COUNT IV —

### NEGLIGENCE ACTIONABLE UNDER TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AT TCA 29-20-101

44. The allegations of paragraphs 1-43 are hereby incorporated by reference and are realleged as if set forth fully.

45. Each Defendant owed Plaintiff a duty to use due care during the time of his incarceration in the Rutherford County Jail.

46. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT V —

### FAILURE TO IMPLEMENT APPROPRIATE AND ESSENTIAL POLICIES, TRAINING, AND SUPERVISION ACTIONABLE UNDER 42 U.S.C. § 1983

47. The allegations of paragraphs 1-46 are hereby incorporated by reference and are realleged as if set forth fully.

48. Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that permitted the wrongful detention and incarceration of persons

49. Defendants failed to train and supervise adequately employees of RCSO to insure that detainees were not wrongly processed, detained, and incarcerated in the Rutherford County Jail. This failure by Defendants to train and supervise RCSO employees amounts to deliberate, reckless, and callous indifference to the constitutional rights of Plaintiff.

50. Defendants had notice that their policies, training procedures, and supervision were inadequate and likely to result in constitutional violations. Defendants had ample notice of this Plaintiff's wrongful processing, detention, and incarceration.

51. Defendants demonstrated such a degree of failure to train, supervise, and discipline their subordinates that said failure constituted a reckless and callous indifference to the constitutional rights of persons residing in the United States, including Plaintiff.

52. The failure of Defendants to implement adequate programs to prevent wrongful detention and incarceration, and to train and supervise their subordinates was the proximate cause of the constitutional infringements committed by their subordinates against Plaintiff.

53. Defendants either authorized or knowingly acquiesced in the unconstitutional actions of their subordinates, and they were deliberately indifferent to constitutional

violations likely to result from serious deficiencies in their monitoring system to insure against the wrongful detention and incarceration of persons in the Rutherford County Jail, as well as the training program of personnel who staff the Rutherford County Jail.

54. As a result of this deliberate indifference to the Plaintiff's rights, Plaintiff has been injured. In depriving Plaintiff of his rights, Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

## COUNT VI —

### FAILURE TO IMPLEMENT APPROPRIATE AND ESSENTIAL POLICIES, TRAINING, AND SUPERVISION ACTIONABLE UNDER THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT AND TENNESSEE COMMON LAW

55. The allegations of paragraphs 1-54 are hereby incorporated by reference and are realleged as if set forth fully.

56. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned conduct.

57. Defendants Jones and Asbury negligently supervised other Defendants by failing to provide proper training and supervision and failing to implement adequate systems to provide for the timely release of Plaintiff.

58. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

### PRAYERS FOR RELIEF

**WHEREFORE,** premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That a declaratory judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That a preliminary, and then a permanent injunction barring all defendants and their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from illegally detaining Plaintiff.

4. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; loss of enjoyment of life; and medical and psychological expenses, both past and future.

5. That Plaintiff be awarded punitive damages against the Defendants.

6. That Plaintiff be awarded reasonable expenses in this litigation, including reasonable attorney and expert fees, pursuant to 42 USC § 1988 (b) and (c).

7. That Plaintiff receive any other further and general relief to which it may appear they are entitled.

Respectfully submitted,

*Elliott Ozment*

Elliott Ozment, Attorney at Law
Immigration Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37212
(615) 321-8888 (O)
(615) 321-5230 (F)
Email: elliott@ozmentlaw.com